# Gang Land News
## *Real Stuff about Organized Crime*

capeci@ganglandnews.com
Jerry Capeci

November 13, 2020

The Honorable Frederic Block
United States District Judge
225 Cadman Plaza East
Brooklyn, NY 11201

### *Re: U.S. v. Anthony Casso 90cr446 (FB)*

Dear Judge Block,

I respectfully submit this letter for the purpose of intervening in the above referenced case in order to assert the public's right of access to the memorandum of law and other documents that were filed under seal in connection with the motion for a compassionate release that was submitted on behalf of the defendant on November 10, 2020.

Specifically, I petition the Court to treat this application as a claim asserted by an interested party requesting the release to the public of documents # 1208 and 1209 on the official court docket sheet, namely the memorandum of law, the affidavit in support and the three exhibits that are all sealed.

I ask that you treat this letter as a *pro se* motion and list it as such on the court docket sheet.

This petition is made pursuant to the tenets of the common law and First Amendment of the Constitution, and all the relevant statutes and judicial precedents that ensure the public's right of access to all judicial documents in criminal prosecutions in the United States of America.[1] In this regard, several courts have recognized that a third-party motion to intervene is a procedurally proper device for the purpose of protecting the public right of access to documents filed in a criminal proceeding. *See, e.g., United States v. King,* 140 F.3d 76, 77 (2d Cir. 1998); *United States v. Haller,* 837 F.2d 84, 85 (2d Cir. 1988); *Herald, 734 F.2d at 96. In re Application of Herald Co.,* 734 F.2d 93, 96 (2d Cir. 1984).

---

[1] In addition to the common law right of access, courts have also found the First Amendment to the United States Constitution to presume a right of the public to inspect and copy judicial records and documents. *See Nixon v. Warner,* 435 U.S. 589, 597 (1978); Va. Dep't of State Police v. *Wash. Post,* 386 F.3d 567, 575 (4th Cir. 2004); *Stone v. Univ. of Md. Med. Sys. Corp.,* 855 F.2d 178, 180 (4th Cir. 1988). Notably, the First Amendment's guarantee of that right is much stronger than the guarantee provided by the common law. *Wash. Post,* 386 F.3d at 575; *see also Press-Enter. Co. v. Super. Ct. of Cal. for the County of Riverside,* 478 U.S. 1, 15 (1986); *Stone,* 855 F.2d at 180.

# Gang Land News
### *Real Stuff about Organized Crime*

capeci@ganglandnews.com
Jerry Capeci

Since the mid-1970s, I have covered federal court proceedings, as a staff reporter for the New York Post and New York Daily News, as a freelance writer for many publications, and also as an author of several non-fiction books about crime. Since 1996, I have published a weekly online column about organized crime at www.ganglandnews.com.

I covered the defendant's sentencing before Your Honor back in 1998 and have written many articles about the defendant, both before and after then. His case remains a topic of public interest, and a subject matter related to my ongoing work as a news reporter.[2]

It is well established that except in the most extraordinary cases, namely those that involve national security or safety of witnesses or others, the public and the press have a common law and First Amendment rights to all materials in criminal cases, including the sentencings and the post-conviction efforts of defendants to reduce their prison terms.

The First Amendment guarantees the press and the public "a general right of access to court documents unless there are compelling reasons demonstrating why it cannot be observed." *Washington Post v. Robinson*, 935 F.2d 282, 287-88 (D.C. Cir. 1991); *See also In re New York Times Co.*, 828 F.2d, 110,114 (2d Cir. 1987) ("where the first amendment provides a right of access, continued, sealing of documents may be justified only with specific, on-the record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim.")

*In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994), the Second Circuit explained that "[i]n most cases, a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need." And, "where the first amendment provides a right of access, continued sealing of documents may be justified only with specific, on-the record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *In re New York Times Co.,* 828 F2d at 114 (2d Cir. 1987).

And as Judge I. Leo Glasser ruled in a similar case on June 7, 2020, the public has the right to access all documents, including personal and medical records that a Court considers in deciding an issue involving the liberty of an imprisoned defendant. In *U.S. v.*

---

[2] Notably, the motives of the press and public for seeking access to such records is not relevant or dispositive to whether access should be granted, because the party seeking closure bears the burden of demonstrating that the documents submitted to the court should be sealed. *DiRussa v. Dean Witter Reynolds*, Inc., 121 F.3d 818, 820 (2d Cir. 1997); *United States v. Amodeo*, 71 F.3d 1044 (The motive for seeking access is irrelevant when defining the weight accorded the presumption of access).

# Gang Land News
**Real Stuff about Organized Crime**

capeci@ganglandnews.com
Jerry Capeci

*Locascio, 90cr1051 (ILG),* Judge Glasser refused to seal the defendant's medical records[3] in connection with his motion for compassionate release. (See document #457)

Citing U.S. v. Sattar, 471 F. Supp. 2d 380 (SDNY 2006), Glasser wrote: "The presumption of the right of access to judicial documents is not disputed and Sattar reiterates the principle that the presumption 'is entitled to great weight if a party submits the document to the court for purpose of adjudication;' that ' . . . according to the Court of Appeals, documents submitted to the court for purposes of adjudication, should not remain under seal 'absent the most compelling reasons;' (and) that 'If a party submitted the document as part of the process of adjudication, the presumption of public access accorded the document is entitled to great weight.' 471 F. Supp. 2d at 386."

Glasser also noted that in Sattar, Judge John Koeltl wrote "that the privacy interest in medical records is neither fundamental nor absolute," and cited a 1997 SDNY case, Crawford v. Manion, "which held that the 'plaintiff waived his right to privacy in his medical records by bringing a lawsuit in which his medical records was a pertinent issue.'"

In ruling against Locascio, who is also serving a life sentence, Glasser wrote that a 2010 Western District of New York case, *Wheeler-Whichard v. Doe, 10cv0358S,* stated "that 'a district court must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need to seal court records.'"

As Judge Glasser noted, ten years later, an observation by the Wheeler-Whichard Court is "exquisitely applicable" to the large number of compassionate release motions on federal court docket sheets today: "Many prisoner civil rights cases brought in this Court involve medical claims and issues, and if simply raising a medical claim was the standard then sealing would become the rule not the exception in these types of cases."

The memorandum of law by James Arden and the affidavit in support by Qais Ghafary are judicial records, and they are "subject to a First Amendment right of access," and the court must determine "by 'specific, on-the-record-findings [whether] higher values necessitate a narrowly tailored sealing." *United States v. Erie Cty.,* 763 F.3d 235, 243 (2d Cir. 2014) (quoting *Lugosch v. Pyramid Co.,* 435 F.3d 110, 126 (2d Cir. 2006)).

In addition, since the common law presumption of access may also attach to these documents, the court must "determine the weight of the presumption and measure it

---

[3] The undersigned news reporter assumes that the documents are sealed on the grounds that they pertain to medical records and/or other personal information about the defendant even though there are no reasons stated for the sealing on the docket sheet.

# Gang Land News
**Real Stuff about Organized Crime**

capeci@ganglandnews.com
Jerry Capeci

against competing considerations." *Id.* at 241; *see also United States v. Amodeo*, 71 F.3d 1044, 1048-1053 (2d Cir. 1995).

Most respectfully, for all the above reasons, and under the provisions of any statutes or judicial precedents that the Court feels are relevant, I ask your Honor to unseal the memorandum of law, affidavit in support, and the exhibits that have been submitted in connection with the motion for a compassionate release for defendant Casso. On this score, the law requires a specific finding for each and every document – and portion thereof – in this case that remains under seal.

Thank you in advance for your prompt consideration of this important common law and First Amendment issue.

Sincerely,

Jerry Capeci

cc AUSA Keith Edelman, attorneys James Arden, Qais Ghafary