

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

NS:KDE

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 18, 2020

<u>By E-mail and ECF</u>

Honorable Frederic Block
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   United States v. Anthony Casso
              Criminal Docket No. 90-446 (S-4) (FB)

Dear Judge Block:

      The government respectfully submits this letter pursuant to the Court's November 13, 2020 order directing the parties to address proposed intervenor Jerry Capeci's motion to unseal the defendant Anthony Casso's motion for compassionate release. As set forth below, the government respectfully submits that the motion should be unsealed except that limited portions concerning his specific medical condition may be redacted.

I.    <u>Background</u>

      On March 1, 1994, the defendant, the former underboss of the Luchese organized crime family of La Cosa Nostra, pleaded guilty to, among other things, racketeering and racketeering conspiracy (including multiple predicate acts of murder, murder conspiracy, bribery and extortion), as well as multiple counts of murder in-aid-of racketeering, extortion and tax offenses. <u>See</u> ECF Dkt. No. 475. On July 8, 1998, this Court sentenced the defendant principally to life in prison, which the defendant is currently serving at USP Tucson. <u>See</u> ECF Dkt. No. 1141.

      On November 10, 2020, the defendant, through counsel, filed a motion for compassionate release under 18 U.S.C. § 3582(c). <u>See</u> Mot., ECF Dkt. No. 1206. Prior to filing the motion, the defendant sought permission from the Court to seal in their entirety the motion's memorandum of law, attorney declaration and accompanying exhibits. <u>See</u> ECF Dkt. Nos. 1208 1209. In an electronic order, Court granted this request.

On November 13, 2020, proposed intervenor Jerry Capeci of Gang Land News filed a letter (the "Capeci Letter") requesting that the defendant's memorandum of law, attorney declaration and accompanying exhibits filed in support of the motion for compassionate release be unsealed. See ECF Dkt. No. 1210. Pointing to, among other things, the decision by the Honorable I. Leo Glasser in United States v. Locascio, 90-CR-1051 (ILG) (E.D.N.Y.), which refused to seal medical records submitted in support of another motion for compassionate release, Mr. Capeci requests that the instant papers be similarly unsealed.

II.     Legal Standard

Judicial proceedings are presumptively open to the public under the First Amendment, Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 573 (1980), and there is a common law right of presumptive access to judicial records and documents, Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978).

This right, however, is "qualified," and may be outweighed by compelling interests. Waller v. Georgia, 467 U.S. 39, 44-45 (1984). The Second Circuit has provided specific, illustrative examples of such compelling interests, including the defendant's right to a fair trial, see, e.g., United States v. Doe, 63 F.3d 121, 128 (2d Cir. 1995); the privacy interests of the defendant, victims or other persons, see, e.g., Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 510 (1984); Doe, 63 F.3d at 128; "the integrity of significant [government] activities . . . such as ongoing undercover investigations or detection devices," Doe, 63 F.3d at 128 (quoting In re Herald, 734 F.2d 93, 100 (2d Cir. 1984)); danger to persons or property, id., and protection of the secrecy of grand jury matters and an ongoing criminal investigation, id.; see also United States v. Haller, 837 F.2d 84 (2d Cir. 1988) (upholding sealing of plea agreement to protect investigation). Among the defendant's privacy interests that may warrant sealing are the specifics about his medical condition. See, e.g., United States v. Ebbers, No. 02-CR-1144 (VEC), 2020 U.S. Dist. LEXIS 3746 (S.D.N.Y. Jan. 8, 2020) (explaining in compassionate release case that the "medical records themselves remain under seal, but the Court draws a limited number of details from them for purposes of this opinion.").

Weighing these interests, a court may seal a particular document if it makes "specific, on the record findings demonstrating that closure [or sealing] is essential to preserve higher values and is narrowly tailored to serve that interest." United States v. Alcantara, 396 F.3d 189, 199 (2d Cir. 2005) (alteration omitted).

III.    Argument

The defendant's motion for compassionate release, including its supporting memorandum of law, attorney declaration and accompanying exhibits, are judicial records that are presumptively open to the public under both the First Amendment and the common law right of access. See generally Richmond Newspapers, Inc., 448 U.S. at 573. Accordingly, absent "specific, on the record findings" that other interests outweigh this right of access, the motion papers should be unsealed. See Alcantara, 396 F.3d at 199.

Here, the government respectfully submits that the motion and supporting papers should generally not be sealed except for limited portions that concern the specifics of the defendant's medical conditions that may be redacted. Many things detailed in the motion – including legal argument, his exhaustion of administrative remedies, the Bureau of Prisons' ("BOP") response to the COVID-19 pandemic, the purported effects of the coronavirus, and the requested relief – do not implicate the defendant's privacy interests and therefore the First Amendment and common law right of access should prevail. Indeed, the majority of compassionate release motions filed in this District in the midst of the COVID-19 pandemic have been filed with this information public, if not the entirety of the motion. See, e.g., United States v. Palmaccio, 17-CR-155 (DLI) (E.D.N.Y.), ECF Dkt. No. 520; see also United States v. Locascio, 90-CR-1051 (ILG) (E.D.N.Y.), ECF Dkt. No. 457.

By contrast, specifics about the defendant's medical conditions – including his current medical status, preexisting conditions, and detailed medical records – do affect the defendant's privacy as they concern his health and medical care. See Ebbers, 2020 U.S. Dist. LEXIS 3746, at *2; see also Wheeler-Whichard v. Doe, No. 10-CV-0358S, 2010 U.S. Dist. LEXIS 88675, at *22 (W.D.N.Y. Aug. 25, 2010); United States v. Sattar, 471 F. Supp. 2d 380, 387 & n.4 (S.D.N.Y. 2006). The government respectfully submits that the defendant's privacy interests in the following items outweigh the public's right of access: (i) the defendant's current medical status; (ii) the defendant's preexisting conditions; and (iii) the defendant's BOP medical records.[1]

IV.   Conclusion

For the foregoing reasons, the government respectfully submits that proposed intervenor Jerry Capeci's motion to unseal the defendant's motion for compassionate release be granted except that information relating to (i) the defendant's current medical status;

---

[1] If this request is granted, the government can confer with the defendant to attempt to jointly propose redactions that keep under seal such information. If the request is granted, the government will similarly redact such information from its publicly filed opposition to the motion for compassionate release.

3

(ii) the defendant's preexisting conditions; and (iii) the defendant's BOP medical records may remain under seal.

Respectfully submitted,

SETH D. DUCHARME
Acting United States Attorney

By:   /s/
Keith D. Edelman
Assistant U.S. Attorney
(718) 254-6328

cc:    Clerk of Court (FB) (by ECF)
       Defense Counsel (by ECF and E-mail)
       Jerry Capeci, pro se (by E-mail)