

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 212 839 5889
JARDEN@SIDLEY.COM

November 18, 2020

BY ECF and Email

The Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *United States v. Casso*, No. 90 Cr. 446-3 (E.D.N.Y.)
     Defendant's Response in Partial Opposition to Third-Party Motion to Unseal

Dear Judge Block:

  Defendant Anthony Casso respectfully submits this letter in response to the third-party letter motion to unseal Mr. Casso's memorandum of law in support of his emergency motion for compassionate release and the accompanying declaration and exhibits. *See* Dkt. Nos. 1208, 1209.

  Your Honor granted Mr. Casso's letter motion to file these materials under seal because they contain sensitive medical information. The third-party letter motion before the Court seeks to unseal the entire filing. Mr. Casso opposes that motion in part and consents in part: Mr. Casso opposes the unsealing of his medical records, which were attached to the declaration as Exhibit B. However, he consents to the public filing—with narrowly tailored redactions—of the memorandum of law and the supporting declaration and remaining exhibits, Exhibits A and C.[1]

  Mr. Casso's protected interest in keeping private *the specific details* of his medical diagnosis and treatment outweigh the public's interest in accessing that sensitive information. Maintaining Mr. Casso's medical records under seal but permitting the public filing, with narrowly tailored redactions, of the memorandum of law, declaration, and remaining exhibits appropriately balances the protection of sensitive private medical information with the public's right to access judicial documents.

---

[1] If the Court grants Mr. Casso's proposal for partial unsealing as outlined above, Mr. Casso will propose narrowly tailored redactions that keep under seal medically and personally sensitive information in the documents.

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

**SIDLEY**

Page 2

I.  Background[2]

On November 10, 2020, Mr. Casso filed an emergency motion for compassionate release, supported by a memorandum of law and a declaration with three exhibits, including Mr. Casso's medical records (Exhibit B), an email detailing Mr. Casso's current health (Exhibit A), and the warden of USP Tucson's denial of his administrative request for compassionate release (Exhibit C).  *See* Dkt. Nos. 1208, 1209, 1209-1, 1209-2, & 1209-3.  Mr. Casso also moved the Court for leave to file these documents under seal, which the Government did not oppose, and which this Court granted on November 11, 2020.

On November 13, 2020, third-party Jerry Capeci submitted a letter to the Court requesting that the Court unseal Mr. Casso's memorandum of law and supporting declaration and exhibits.  *See* Dkt. No. 1210.  The third-party movant states that he is a news reporter and runs a weekly online column, and asserts that the public's right of access to judicial documents requires the unsealing of these materials.  *See* Dkt. No. 1210 at 862, 865.

For the reasons that follow, this Court should deny in part and grant in part the third-party motion.  Mr. Casso's medical records should remain under seal (Exhibit B, Dkt. No. 1209-2).  The memorandum of law (Dkt. No. 1208) and supporting declaration and Exhibits A and C (Dkt. Nos. 1209, 1209-1, 1209-3) should be publicly available with narrowly tailored redactions of medically and personally sensitive information.

II.  Applicable Law

Although there exists a "right of public access to judicial documents" that creates a "presumption of public access" to those documents, that public right of access is only "qualified," not absolute.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).  "[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Id.* at 120 (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)) (internal quotation marks omitted); *see also Brown v. Maxwell*, 929 F.3d 41, 47 & n.12 (2d Cir. 2020) (reaffirming standard).

These "higher values" include "the privacy interests of those who resist disclosure" of judicial documents, *SEC v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001), including an individual's right to protect his private health information from public view.  Federal law recognizes and protects that information and courts, including this Court, have safeguarded it from public disclosure.[3]  *See, e.g.*, *Offor v. Mercy Med. Ctr.*, 167 F. Supp. 3d 414, 445 (E.D.N.Y. 2016), *rev'd in part on other grounds by* 676 F. App'x 51 (2d Cir. 2017) ("Courts in this Circuit have

---

[2] The full background for Mr. Casso's emergency motion for compassionate release may be found at Dkt. No. 1208.  This background is tailored to the third party letter motion to unseal.

[3] This Court cautions against the public filing of personal medical records and information.  *See* Eastern District of New York Administrative Order 2004-09 (directing parties before the Court to "exercise caution when filing documents that contain . . . medical records, treatment and diagnosis").

**SIDLEY**

Page 3

repeatedly held that information protected by [the Health Insurance Portability and Accountability Act] is not subject to a First Amendment or common-law right of access . . . ."); *United States v. Gotti*, No. 17 Cr. 127 (ARR), 2017 WL 5027990, at *1 (E.D.N.Y. Oct. 30, 2017) (recognizing the "considerable privacy interest" individuals have in medical information); *Hand v. New York City Transit Auth.*, No. 11 Civ. 997 (RRM) (MDG), 2012 WL 3704826, at *5 (E.D.N.Y. Aug. 26, 2012) ("Federal law generally treats medical records as confidential.").

"[T]he privacy interests of innocent third parties" are also higher values that should "weigh heavily in a court's balancing equation." *United States v. Amodeo ("Amodeo II")*, 71 F.3d 1044, 1050 (2d Cir. 1995) (quoting *Gardner v. Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1980)) (internal quotation marks omitted). Courts have declined to unseal documents which contained sensitive personal information relating to third parties, such as records of illness or personal financial information. *See Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 629 (S.D.N.Y. 2011); *see also Gotti*, 2017 WL 5027990, at *2 (third party's privacy interest in medical information counseled against unsealing).

III.  Mr. Casso's Medical Records Should Remain Sealed and Certain Sensitive Medical and Personal Details Should Be Redacted From Other Filings

   A.  *Mr. Casso's Interest in Maintaining the Privacy of his Medical History, Diagnosis, and Treatment Outweighs the Public's Access Interest*

Mr. Casso's privacy interest in the details of medical history, diagnosis, and treatment outweighs the public's right of access to this information, and allowing such information to remain sealed or redacted is well supported by Second Circuit case law. Several courts have found that a defendant's privacy interest in the sensitive medical information contained in his medical records filed in support of a motion for compassionate release outweighs the public's interest in those records. *See, e.g.*, *United States v. Suarez*, No. 16 Cr. 453 (RJS), 2020 WL 5513333, at *1 (S.D.N.Y. Sept. 14, 2020) ("The Court has reviewed this private medical information and concluded that the presumption in favor of open records is outweighed by Defendant's privacy interest."); *United States v. Vadakin*, No. 3:9cr010(JBA), 2020 WL 4818440, at *1 n.2 (D. Conn. Aug. 17, 2020) (same). Others have likewise allowed defendants to file their medical records under seal or have directed the government to file defendants' medical information under seal. *See, e.g.*, *United States v. Lisi*, 440 F. Supp. 3d 246, 247 n.1 (S.D.N.Y. 2020) (sealing medical records); *United States v. Asaro*, No. 17 Cr. 127 (ARR), 2020 WL 1899221, at *2 n.2 (E.D.N.Y. Aug. 10, 2020) (directing the government to file medical records under seal). Just as in *Suarez*, "the presumption in favor of open records is outweighed by" Mr. Casso's privacy interest in his medical records and the sensitive medical information contained therein.

Narrowly tailored redactions to the memorandum of law and supporting declaration and Exhibits A and C are also justified. The details of Mr. Casso's medical history, diagnosis, and treatment information, as well as the sensitive, personal information of a third-party contact, should remain under seal through narrowly tailored redactions. *See Amodeo II*, 71 F.3d at 1050.

**SIDLEY**

Page 4

The third-party contact's personal information will not affect the Court's decision and its disclosure would not "promote any of the values associated with public scrutiny of" these proceedings. *United States v. Sattar*, 471 F. Supp. 2d 380, 388 (S.D.N.Y. 2006). Redactions like these are supported by precedent from this Court. *See Gotti*, 2017 WL 5027990, at *2 (granting redactions of sentencing documents containing personal information of a third party unrelated to proceeding).

> B. *Mr. Casso's Emergency Motion for Compassionate Release Does Not Waive His Medical Privacy Interest.*

Here, the third-party motion asserts that Mr. Casso waived his right to privacy in these documents by filing his motion for compassionate release. *See* Dkt. No. 1210 at 3. That is incorrect. The third-party motion relies on *Crawford v. Manion*, No. 96 Civ. 1236 (MBM), 1997 WL 148066 (S.D.N.Y. Mar. 31, 1997), but that case is distinguishable. *See* Dkt. No. 1210 at 3. *Crawford* dealt with allegations that prison officials violated the plaintiff's Fourth Amendment right to privacy when they accessed his medical records without his permission. *See* 1997 WL 148066, at *1. Mr. Casso does not assert a Fourth Amendment right to privacy in his medical information, and the public access rights-balancing analysis focuses on Mr. Casso's privacy right vis-à-vis the *public's*, not the Government's, right to access his medical information. *See id.* at *2.

The third-party motion also implicitly cites to *United States v. Ebbers*, 432 F. Supp. 3d 421 (S.D.N.Y. 2020),[4] which found that the defendant waived his right to privacy in his medical records by filing a motion for compassionate release. *Id.* at 423 n.1. But unlike Mr. Casso, Ebbers "extensively cit[ed] to his medical records and medical history in his own motion, in correspondence with the [c]ourt, and in open [c]ourt during oral argument on his motion." *Id.*

The reasoning of *Ebbers* is also not persuasive. *Ebbers* and cases like it rely on opinions denying requests to seal medical records submitted as mitigation evidence in sentencing proceedings, and often cite to *United States v. Dare*, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008). *See e.g.*, *United States v. King*, No. 10 Cr. 122(JGK), 2012 WL 2196674, at *1 (S.D.N.Y. June 15, 2012); *United States v. Mermelstein*, No. 05 CR 37 (JG), 2008 WL 11435684, at *2 (E.D.N.Y. Oct. 28, 2008). But *Dare* held that the public access analysis is "critically concerned with ensuring that defendants or other individuals are not discouraged from disclosing information that could be relevant to the Court's sentencing decision." 568 F. Supp. 2d at 243. Requiring defendants like Mr. Casso to file their medical information publicly, however, would discourage future defendants from disclosing medical information key to courts' review of their motions for compassionate release. It would also be in tension with Congress's clear policy choice to expand the use of compassionate release by passing the First Step Act. *See United States v. Brooker*, 976 F.3d 228, 233 (2d Cir. 2020).

---

[4] *Ebbers* was cited by Judge Glasser's opinion in *United States v. Locascio*, No. 90 Cr. 1051, Dkt. No. 457 (E.D.N.Y. June 7, 2020), to support the proposition that Locascio waived his privacy right.

# SIDLEY

Page 5

### C. The Cases Cited by the Third-Party Motion Are Distinguishable

The third-party motion does not address instances where courts have granted requests to seal medical records and sensitive medical information, as cited above. Instead, the third-party motion relies on Judge Glasser's recent order denying a defendant's motion to seal his medical records filed in support of a motion for compassionate release. *See United States v. Locascio*, No. 90 Cr. 1051, ECF No. 457 (E.D.N.Y. June 7, 2020). *Locascio* does not provide a strong countervailing argument here.

*First*, *Locascio*'s reliance on *United States v. Sattar* to support the disclosure of the defendant's medical information is misplaced. *See id.* at 1617–18. In *Sattar*, the court addressed the defendant's request to seal or redact information from several sentencing documents, which included a letter from defense counsel "transmitting a psychiatric report that was prepared by [a psychiatrist] concerning [the] defendant []." 471 F. Supp. 2d at 383. The *Sattar* court ultimately found that the defendant's privacy interest in the psychiatrist's report and accompanying letter overcame any presumption of public access. *See id.* at 389–90. *Sattar* therefore supports Mr. Casso's position.

*Second*, contrary to *Locascio*'s reasoning, *Wheeler-Whichard v. Doe*, No. 10 Civ. 0358S, 2010 WL 3395288 (W.D.N.Y. Aug. 25, 2010), likewise supports sealing the documents. *See Locascio*, ECF No. 457 at 1618. Although the *Wheeler-Whichard* court denied plaintiff's request to file his complaint under a pseudonym, the court ultimately sealed his medical records that were "detached from the complaint." 2010 WL 3395288, at *6. Likewise, Mr. Casso's medical records should remain sealed.

## IV. Conclusion

For these reasons, Mr. Casso respectfully requests that this Court deny in part and grant in part the third-party motion: the Court should allow Mr. Casso's medical records at Exhibit B to remain sealed, and should allow the public filing with narrowly tailored redactions of the memorandum of law, declaration, and Exhibits A and C.

Respectfully Submitted,

*/s/ James D. Arden*
James D. Arden

cc: Government Counsel (By ECF and Email)
Jerry Capeci (By Email)